## FRANCIS A. MINITER *v.* STATEWIDE GRIEVANCE COMMITTEE
## (AC 31470)

Gruendel, Beach and West, Js.

---

Submitted on briefs April 15—officially released July 6, 2010

*Francis A. Miniter*, pro se, the appellant (plaintiff), filed a brief.

*Suzanne B. Sutton*, assistant chief disciplinary counsel, filed a brief for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, Francis A. Miniter, appeals from the judgment of the trial court granting the motion to dismiss filed by the defendant, the statewide grievance committee (committee). The plaintiff argues that the court improperly granted the committee's motion

to dismiss his appeal from an order of presentment for lack of a final judgment. We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. Grace Wright, a client of the plaintiff, filed a grievance complaint against him, claiming that he had failed to return to her a retainer fee of $1500 that she had paid to him for representation in a civil case. The reviewing committee found that the plaintiff had violated various Rules of Professional Conduct and other rules of practice. As a result of these findings, the reviewing committee ordered disciplinary counsel to file a presentment in accordance with Practice Book § 2-36. The plaintiff thereafter filed an appeal from the decision of the committee in the Superior Court, claiming, in sum, that his due process rights were violated and that the conclusion that he had violated certain Rules of Professional Conduct and other rules of practice was improper. The committee then filed a motion to dismiss the plaintiff's appeal for lack of subject matter jurisdiction in that there was no final judgment from which to appeal. The court granted the motion, reasoning that the decision from which the plaintiff appealed was interlocutory and, thus, not appealable. This appeal followed.

We begin by setting forth our standard of review. "In an appeal from the granting of a motion to dismiss on the ground of subject matter jurisdiction, this court's review is plenary." (Internal quotation marks omitted.) *Bloom* v. *Miklovich*, 111 Conn. App. 323, 335, 958 A.2d 1283 (2008).

We next examine relevant case law. "Disciplinary proceedings are for the purpose of preserving the courts from the official ministration of persons unfit to practice in them. . . . The proceeding to disbar [or suspend] an attorney is neither a civil action nor a criminal proceeding, but is a proceeding sui generis, the object

of which is not the punishment of the offender, but the protection of the court." (Internal quotation marks omitted.) *Doe* v. *Statewide Grievance Committee*, 240 Conn. 671, 678, 694 A.2d 1218 (1997). "Judges of the Superior Court possess the inherent authority to regulate attorney conduct and to discipline members of the bar. . . . In exercising their inherent supervisory authority the judges have authorized grievance panels and reviewing committees to investigate allegations of attorney misconduct and to make determinations of probable cause. . . . Further, the judges have empowered the statewide grievance committee to file presentments in Superior Court seeking judicial sanctions against those claimed to be guilty of misconduct. . . . In carrying out these responsibilities, these bodies act as an arm of the court." (Citations omitted; internal quotation marks omitted.) *Statewide Grievance Committee* v. *Presnick*, 215 Conn. 162, 166–67, 575 A.2d 210 (1990).

The court properly granted the committee's motion to dismiss. The plaintiff's appeal to the Superior Court challenged the committee's decision to proceed with a presentment. An order of presentment is an initial step in disciplinary proceedings against an attorney. Following the filing of a presentment complaint, a hearing on the merits is held after which the court renders judgment on the presentment complaint. See Practice Book § 2-47 (a). The committee's decision directing that a presentment be filed in Superior Court is interlocutory in nature and not a final judgment from which an appeal to the Superior Court lies.

This interlocutory order is not immediately appealable under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), because it neither terminates a separate and distinct proceeding, nor so concludes the rights of the parties that further proceedings cannot affect them. Following an order of presentment by the committee, a presentment complaint is filed, and the matter contin-

ues in the Superior Court until judgment is rendered on the presentment complaint.

The plaintiff argues that court improperly granted the committee's motion to dismiss because the rules of practice provide him with the right to appeal from an order of presentment. He contends that because Practice Book § 2-35 (e) provides that "the reviewing committee shall render a final written decision dismissing the complaint, imposing sanctions and conditions as authorized by Section 2-37 or directing the disciplinary counsel to file a presentment," the decision directing disciplinary counsel to file a presentment is an appealable final judgment. We do not agree. The language in Practice Book § 2-35 (e) regarding a final written decision directing disciplinary counsel to file a presentment may be the last step taken by the committee when presentment is directed, but it is clear from the context that this section is not specifying that the decision of presentment is a final judgment.[1] Practice Book § 2-38 (a), which was in effect at the time the appeal was taken in this case and specifically concerns appeals from the decision of the statewide grievance committee or reviewing committee, provides in relevant part: "A respondent may appeal to the superior court a decision by the statewide grievance committee or a reviewing committee imposing sanctions or conditions against the respondent, in accordance with Section 2-37 (a). . . ." An order of presentment is not included in the exclusive list of sanctions or conditions contained in Practice Book § 2-37 (a).[2] If presentment is ordered, the presentment is simply an intermediary step in the disciplinary proceedings, which continue in the Superior Court.

[1] Unlike a reprimand or other disciplinary action ordered by the committee, the order of presentment does not itself impose discipline. Rather, further action, which may or may not result in discipline, is required.

[2] Practice Book § 2-37 (a) provides: "A reviewing committee or the statewide grievance committee may impose one or more of the following sanctions and conditions in accordance with the provisions of Sections 2-35 and 2-36:

The plaintiff also contends that the language of Practice Book § 2-47 (d) (2) makes clear that he has a right to appeal before the presentment proceeds. That section provides: "If the respondent has appealed the issuance of a finding of misconduct made by the statewide grievance committee or the reviewing committee, the court shall first adjudicate and decide that appeal in accordance with the procedures set forth in subsections (d) through (f) of Section 2-38. In the event the court denies the respondent's appeal of the finding of misconduct, the court shall then adjudicate the presentment brought under this section. In no event shall the court review the merits of the matters for which the prior reprimands were issued against the respondent." Practice Book § 2-47 (d) (2). This section has no bearing as to whether an order of presentment is interlocutory or constitutes a final judgment.

For the foregoing reasons, we conclude that the court properly granted the committee's motion to dismiss for lack of a final judgment.[3]

The judgment is affirmed.

In this opinion the other judges concurred.

"(1) reprimand;

"(2) restitution;

"(3) assessment of costs;

"(4) an order that the respondent return a client's file to the client;

"(5) a requirement that the respondent attend continuing legal education courses, at his or her own expense, regarding one or more areas of substantive law or law office management;

"(6) an order to submit to fee arbitration;

"(7) with the respondent's consent, an order to submit to periodic audits and supervision of the attorney's trust accounts to insure compliance with the provisions of Section 2-27 and the related Rules of Professional Conduct;

"(8) with the respondent's consent, a requirement that the respondent undertake treatment, at his or her own expense, for medical, psychological or psychiatric conditions or for problems of alcohol or substance abuse."

[3] The plaintiff also claims that the court violated his right to due process by granting the committee's motion to dismiss because, as a result, he is unable to raise the claim that the procedure leading to presentment constituted a denial of his due process rights. The court did not violate his right to due process and properly granted the motion to dismiss for lack of a final judgment. Our Supreme Court has reviewed claims, on appeal from a

final judgment, that the procedure leading to his presentment violated his due process rights. See *Statewide Grievance Committee* v. *Presnick,* supra, 215 Conn. 168–70.