## STATE OF CONNECTICUT *v.* RONALD GERMAIN
### (AC 34440)

DiPentima, C. J., and Bear and Flynn, Js.

Argued March 6—officially released May 21, 2013

*Ronald Germain*, pro se, the appellant (defendant).

*Nancy L. Chupak*, senior assistant state's attorney, with whom, on the brief, were *Timothy J. Liston*, state's attorney, and *Marie Villar*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Ronald Germain, appeals from the judgment of conviction, rendered after a trial to the court, of failure to comply with the passing

on the right rule in violation of General Statutes § 14-233[1] and traveling unreasonably fast in violation of General Statutes § 14-218a,[2] both of which are motor vehicle infractions. On appeal, the defendant claims that he is not guilty of those infractions and that there was no evidence, other than "he said, she said" to sustain his conviction. He also claims that the trial judge was biased and would not let him present his evidence. Because the defendant has failed to furnish us with transcripts of the prior proceedings, we are unable to examine the merits of his claims, and, thus, we have no basis not to affirm the trial court's judgment.

The following facts appear in the record. On July 2, 2011, Officer Anthony Valenti of the Windsor police department issued a $254 complaint ticket to the defendant, charging him with the infractions of failure to comply with the passing on the right rule and traveling unreasonably fast. The ticket noted that the defendant had committed these infractions at 10:35 a.m. on route

---

[1] General Statutes § 14-233 provides: "The driver of a vehicle may overtake and pass upon the right of another vehicle only when conditions permit such movement in safety and under the following conditions: (1) When the vehicle overtaken is making or has signified the intention to make a left turn; (2) when lines of vehicles traveling in the same direction in adjoining traffic lanes have come to a stop or have reduced their speed; (3) upon a one-way street free from obstructions and of sufficient width for two or more lines of moving vehicles; (4) upon a limited access highway or parkway free from obstructions with three or more lanes provided for traffic in one direction. Such movement shall not be made by driving off the pavement or main-traveled portion of the highway except where lane designations, signs, signals or markings provide for such movement. Violation of any provision of this section shall be an infraction."

[2] General Statutes § 14-218a provides in relevant part: "(a) No person shall operate a motor vehicle upon any public highway of the state, or road of any specially chartered municipal association . . . or upon a private road on which a speed limit has been established in accordance with this subsection . . . at a rate of speed greater than is reasonable, having regard to the width, traffic and use of highway, road or parking area, the intersection of streets and weather conditions. . . . Any speed in excess of such limits, other than speeding as provided for in section 14-219, shall be prima facie evidence that such speed is not reasonable . . . ."

159 at the intersection with Barber Street in Windsor, and that he had been traveling at a rate of speed of thirty-six miles per hour in a thirty-five mile per hour zone. The road conditions were dry, traffic was light and visibility was clear.[3] The defendant pleaded not guilty to these charges. A hearing before a magistrate was held on December 19, 2011, where both Valenti and the defendant testified. At the close of the hearing, the magistrate found the defendant guilty of both infractions, but reduced his fine to $70. The defendant then requested a trial de novo, which was conducted on February 9, 2012. Again, both Valenti and the defendant testified. The court found the defendant guilty of both infractions and ordered him to pay a $75 fine. This appeal followed.

Because the defendant has failed to provide us with transcripts of the prior proceedings, we are unable to review the defendant's claims on appeal. "It is an appellant's duty to provide an adequate record for our review, including the transcript and an electronic version of the transcript. See Practice Book §§ 61-10 [and] 63-8 . . . ."[4] *Perez* v. *D & L Tractor Trailer School*, 117 Conn.

---

[3] Valenti prepared a notarized supplemental report, also on July 2, 2011, which is contained in the trial court file. The report states that Valenti "was traveling south on [route] 159 toward Barber Street in the left lane behind another vehicle [and that his] radar unit display showed [his] speed [to be thirty-five miles per hour]." It also states that the defendant's vehicle was behind him and that it "changed lanes (left to right) accelerated and passed [him] on the right at a high rate of speed." The report then states that Valenti pulled over the defendant's vehicle and explained to the defendant that he, Valenti, had been "traveling at [thirty-five miles per hour] and [the defendant] passed [him] on [the] right which clearly shows he was traveling in excess of [thirty-five miles per hour]." The report also states that the defendant admitted to Valenti that he had been traveling at a speed greater than thirty-five miles per hour.

[4] Practice Book § 61-10 (a) provides: "It is the responsibility of the appellant to provide an adequate record for review. The appellant shall determine whether the entire trial court record is complete, correct and otherwise perfected for presentation on appeal. For purposes of this section, the term 'record' is not limited to its meaning pursuant to Section 63-4 (a) (2), but includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

App. 680, 691, 981 A.2d 497 (2009), cert. denied, 294 Conn. 923, 985 A.2d 1062 (2010). Without the transcripts, we are unable to discern what transpired in the prior proceedings or to conduct a meaningful review of the issues on appeal.

The judgment is affirmed.

---

Practice Book § 63-8 (a) provides in relevant part: "[T]he appellant shall . . . order . . . from the official reporter a transcript and an electronic version of a transcript of the parts of the proceedings not already on file which the appellant deems necessary for the proper presentation of the appeal. . . ."