******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ZBIGNIEW S. ROZBICKI *v.* STATEWIDE
GRIEVANCE COMMITTEE
(AC 36866)

DiPentima, C. J., and Keller and Prescott, Js.

*Argued April 13—officially released June 2, 2015*

(Appeal from Superior Court, judicial district of
Hartford, Wiese, J.)

*Zbigniew S. Rozbicki*, self-represented, the appel-
lant (plaintiff).

*Suzanne B. Sutton*, first assistant chief disciplinary
counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The plaintiff, Zbigniew S. Rozbicki, appeals from the judgment of the trial court dismissing, for lack of subject matter jurisdiction, his appeal from a decision of the defendant, Statewide Grievance Committee. We affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. On January 11, 2012, a grievance complaint was filed against the plaintiff, an attorney, for alleged violations of the Rules of Professional Conduct. The alleged violations arose out of the plaintiff's conduct related to his involvement as executor of the estate of Kathleen Gisselbrecht and with respect to litigation that was commenced by the plaintiff following his removal for cause as executor of her estate.

On March 20, 2012, the Litchfield Judicial District Grievance Panel found probable cause that the plaintiff had violated rules 3.1, 3.3 (a) (1), 8.2 (a) and 8.4 (3) of the Rules of Professional Conduct. The matter then was referred to a reviewing committee of the Statewide Grievance Committee, which, pursuant to Practice Book § 2-35, held an evidentiary hearing on February 5, 2013. The plaintiff was represented by counsel at the hearing, testified, and filed a posthearing brief.

In a written decision dated July 26, 2013, the reviewing committee concluded by clear and convincing evidence that the plaintiff had violated rule 3.1 of the Rules of Professional Conduct. The reviewing committee also concluded, after reviewing the plaintiff's disciplinary history, which included a prior two year suspension from the practice of law, that the plaintiff's serious misconduct justified the plaintiff's presentment to the Superior Court. Accordingly, the reviewing committee, pursuant to Practice Book § 2-35 (i), directed disciplinary counsel to file a presentment against the plaintiff.

On October 16, 2013, the Chief Disciplinary Counsel filed a presentment against the plaintiff; see *Chief Disciplinary Counsel* v. *Rozbicki*, Superior Court, judicial district of Hartford, Docket No. HHD-CV13-6046975-S; and the plaintiff thereafter appealed to the Superior Court challenging the decision of the reviewing committee directing disciplinary counsel to file a presentment.[1] On December 2, 2013, the Office of Chief Disciplinary Counsel on behalf of the Statewide Grievance Committee filed a motion to dismiss, asserting that the court lacks subject matter jurisdiction over that appeal because, among other things, an order directing disciplinary counsel to file a presentment complaint is interlocutory and not a final judgment for purposes of appeal to the Superior Court.

The court granted the motion to dismiss in a memorandum of decision dated April 9, 2014. The court concluded that, pursuant to *Miniter* v. *Statewide Grievance*

*Committee*, 122 Conn. App. 410, 998 A.2d 268, cert. denied, 298 Conn. 923, 4 A.3d 1228 (2010), the court lacked jurisdiction over the appeal. This appeal followed.

We agree that our decision in *Miniter* controls this case, and, therefore, the judgment of the trial court must be affirmed. In *Miniter*, we stated: "An order of presentment is an initial step in disciplinary proceedings against an attorney. Following the filing of a presentment complaint, a hearing on the merits is held after which the court renders judgment on the presentment complaint. See Practice Book § 2-47 (a). The committee's decision directing that a presentment be filed in Superior Court is interlocutory in nature and not a final judgment from which an appeal to the Superior Court lies.

"[The] interlocutory order is not immediately appealable under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), because it neither terminates a separate and distinct proceeding, nor so concludes the rights of the parties that further proceedings cannot affect them. Following an order of presentment by the committee, a presentment complaint is filed, and the matter continues in the Superior Court until judgment is rendered on the presentment complaint."[2] *Miniter* v. *Statewide Grievance Committee*, supra, 122 Conn. App. 413–14.

In his brief on appeal, the plaintiff fails to cite, discuss, or explain why *Miniter* does not apply to his appeal. We have reviewed the claims that the plaintiff does make in his brief and find that (1) there is an inadequate record to review them, (2) they are inadequately briefed, or (3) they are not sufficiently meritorious to require further discussion.

The judgment is affirmed.

[1] The record is unclear regarding whether the plaintiff timely exercised his right, pursuant to Practice Book § 2-35 (k), to request review by the Statewide Grievance Committee of the reviewing committee's decision. Although the trial court's memorandum of decision dismissing this appeal refers to an "order of presentment by the [Statewide Grievance Committee] dated September 20, 2013," neither party's appendix to their brief contains a document evincing such an order. Moreover, in his complaint dated October 18, 2013, which the plaintiff also failed to include in his appendix, the plaintiff alleges that the reviewing committee's decision is dated September 20, 2013. We are unable to find anything in the record on appeal supporting the plaintiff's claim that he filed a request with the Statewide Grievance Committee to review the decision of the reviewing committee. It is, of course, the appellant's duty to provide an adequate record for review. *State* v. *Germain*, 142 Conn. App. 805, 807, 65 A.3d 536 (2013).

[2] A hearing on the merits of the presentment against the plaintiff was completed on February 13, 2015. *Chief Disciplinary Counsel* v. *Rozbicki*, supra, Superior Court, Docket No. HHD-CV13-6046975-S. The court in that matter has not yet rendered a decision.