******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# FRANK P. CANNATELLI *v.* STATEWIDE GRIEVANCE COMMITTEE
## (AC 39703)

Elgo, Bright and Flynn, Js.

*Syllabus*

The plaintiff attorney appealed to the trial court from the decision of the reviewing committee of the defendant Statewide Grievance Committee directing the disciplinary counsel to file a presentment against the plaintiff for his alleged violation of certain Rules of Professional Conduct. The trial court granted the defendant's motion to dismiss the appeal and rendered judgment thereon, from which the plaintiff appealed to this court. *Held* that the trial court properly granted the defendant's motion to dismiss and determined that it lacked subject matter jurisdiction over the appeal; this court has determined previously that an order of presentment is an initial step in disciplinary proceedings against an attorney and that the committee's decision directing that a presentment be filed in Superior Court is interlocutory in nature and not a final judgment from which an appeal to the Superior Court may be filed, the plaintiff's claim that he was aggrieved by the order of presentment implicated the issue of standing and had no bearing as to whether the order of presentment constituted a final judgment for purposes of appeal, and the plaintiff's reliance on federal case law for the proposition that federal law permits his interlocutory appeal because it arises out of a violation of his constitutional rights was unavailing, as the case law was inapposite in that it had no import on the issue of whether a party properly can take an interlocutory appeal to the Superior Court from an order of presentment.

Argued October 11—officially released November 13, 2018

*Procedural History*

Appeal from the decision of the defendant's reviewing committee directing the disciplinary counsel to file a presentment against the plaintiff, brought to the Superior Court in the judicial district of New Haven, where the court, *Miller, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Frank P. Cannatelli*, self-represented, the appellant (plaintiff).

*Brian B. Staines*, chief disciplinary counsel, with whom, on the brief, was *Beth L. Baldwin*, assistant chief disciplinary counsel, for the appellee (defendant).

*Opinion*

PER CURIAM. The self-represented plaintiff, Frank P. Cannatelli, appeals from the judgment of the Superior Court dismissing his appeal from a decision of the defendant, Statewide Grievance Committee, and from the court's subsequent denial of his motion to reargue the judgment of dismissal. On appeal, the plaintiff claims that the court improperly determined that it lacked subject matter jurisdiction over his appeal for lack of an appealable final judgment. We affirm the judgment of the Superior Court.

The following procedural history is relevant to this appeal.[1] The statewide bar counsel filed a grievance complaint, dated July 28, 2014, against the plaintiff, an attorney, alleging that he overdrafted funds from his IOLTA account.[2] After an audit and a full hearing, the reviewing committee found by clear and convincing evidence that the plaintiff committed unethical conduct and violated rules 1.15, 1.3, and 8.4 of the Rules of Professional Conduct, as well as Practice Book § 2-27. On November 20, 2015, the reviewing committee, pursuant to Practice Book § 2-35 (i), ordered that the plaintiff be presented to the Superior Court. On February 3, 2016, the Chief Disciplinary Counsel filed a presentment against the plaintiff. See *Disciplinary Counsel* v. *Cannatelli*, Superior Court, judicial district of New Haven, Docket No. CV-16-6060188-S.[3]

On February 1, 2016, the plaintiff filed an appeal to the Superior Court from the decision of the reviewing committee that ordered presentment, claiming, among other things, violations of his constitutional rights. On February 16, 2016, the defendant filed a motion to dismiss the plaintiff's appeal on the ground that the Superior Court lacked subject matter jurisdiction because the order of presentment is not an appealable final judgment. On March 28, 2016, the plaintiff filed an objection arguing that the court had jurisdiction, pursuant to 42 U.S.C. § 1983, because the order of presentment was being challenged on constitutional grounds.

On June 20, 2016, the court concurrently granted the defendant's motion to dismiss and overruled the plaintiff's objection. The court, relying upon *Miniter* v. *Statewide Grievance Committee*, 122 Conn. App. 410, 998 A.2d 268, cert. denied, 298 Conn. 923, 4 A.3d 1228 (2010), and *Rozbicki* v. *Statewide Grievance Committee*, 157 Conn. App. 613, 115 A.3d 532 (2015), concluded that an "order of a presentment has been clearly found to be wholly interlocutory and it cannot properly be the basis of an appeal." The court also concluded that the "[p]laintiff has not presented the court with any persuasive authority that [42 U.S.C. § 1983] controls the attorney grievance process in any way." On July 6, 2016, the plaintiff filed a motion to reargue the judgment of dismissal, renewing his argument posited in his March

28, 2016 objection. On September 22, 2016, the court summarily denied the plaintiff's motion to reargue. This appeal followed.

On appeal, the plaintiff argues that the court improperly determined that it lacked subject matter jurisdiction over his appeal for lack of an appealable final judgment. We disagree.

This court's decisions in *Miniter* and *Rozbicki* are dispositive of the plaintiff's appeal to this court. In both cases, this court, in holding that an order of presentment is not a final judgment for the purposes of appeal, stated: "An order of presentment is an initial step in disciplinary proceedings against an attorney. Following the filing of a presentment complaint, a hearing on the merits is held after which the court renders judgment on the presentment complaint. See Practice Book § 2-47 (a). The committee's decision directing that a presentment be filed in Superior Court is interlocutory in nature and not a final judgment from which an appeal to the Superior Court lies.

"[The] interlocutory order is not immediately appealable under *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983), because it neither terminates a separate and distinct proceeding, nor so concludes the rights of the parties that further proceedings cannot affect them. Following an order of presentment by the committee, a presentment complaint is filed, and the matter continues in the Superior Court until judgment is rendered on the presentment complaint." (Internal quotation marks omitted.) *Rozbicki* v. *Statewide Grievance Committee*, supra, 157 Conn. App. 616–17; see *Miniter* v. *Statewide Grievance Committee*, supra, 122 Conn. App. 413–14.

On the basis of the foregoing, we conclude that the Superior Court in the present case properly determined that it lacked subject matter jurisdiction over an appeal from the order of presentment because such an order is not a final judgment for the purposes of appeal. Although the plaintiff in his brief on appeal to this court attempts to distinguish the holdings of *Miniter* and *Rozbicki* from the present case, we are unpersuaded. First, the plaintiff argues that he has been aggrieved by the order of presentment because the publication of the notice of presentment damages his reputation. Even if we assume this to be true, it does not change our analysis. The determination as to whether the plaintiff has been aggrieved by a judgment is an issue of standing; see *Arciniega* v. *Feliciano*, 329 Conn. 293, 301, 184 A.3d 1202 (2018); which is entirely distinct from the determination as to whether a judgment is final for the purposes of appeal.[4] See *Ledyard* v. *WMS Gaming, Inc.*, 330 Conn. 75, 83–84, 191 A.3d 983 (2018).

Second, the plaintiff, relying upon *Miller* v. *Washington State Bar Assn.*, 679 F.2d 1313 (9th Cir. 1982), argues that 42 U.S.C. § 1983 permits the present interlocutory

appeal because it arises out of a violation of his constitutional rights. In *Miller*, the court principally held that a federal court has jurisdiction to entertain a § 1983 claim that alleges a constitutional challenge stemming from a disciplinary action taken by a state bar association where no such review is available as of right in the state courts. Id., 1314–18. We hold that *Miller* is inapposite because it has no import on whether a party properly can take an interlocutory appeal from an order of presentment to the Superior Court. Accordingly, we reject the plaintiff's attempt to distinguish the present case from *Miniter* and *Rozbicki*.

Therefore, we conclude that the Superior Court did not err by dismissing the plaintiff's appeal and did not abuse its discretion when it denied his subsequent motion to reargue because it properly determined that it lacked subject matter jurisdiction over the appeal.

The judgment is affirmed.

[1] Although the appendix of the defendant's appellate brief substantially is comprised of documents purportedly evincing the grievance proceedings, those documents were not before the Superior Court and, thus, are not part of the Superior Court record. Nevertheless, because the underlying procedural history is uncontested, we take judicial notice of the disciplinary proceeding, which stems from the grievance proceedings, brought against the plaintiff in the Superior Court; see *Disciplinary Counsel* v. *Cannatelli*, Superior Court, judicial district of New Haven, Docket No. CV-16-6060188-S; and the filings therein contained. See *Lyons* v. *Citron*, 182 Conn. App. 725, 728 n.4, 191 A.3d 239 (2018) (Appellate Court may take judicial notice of files of Superior Court in any case).

[2] Rule 1.15 (a) (5) of the Rules of Professional Conduct provides in relevant part: " 'IOLTA account' means an interest—or dividend—bearing account, established by a lawyer or law firm for clients' funds at an eligible institution from which funds may be withdrawn upon request by the depositor without delay. . . ."

[3] As of the date of oral argument before this court, the hearing on the merits of the presentment against the plaintiff had not occurred. See *Disciplinary Counsel* v. *Cannatelli*, supra, Superior Court, Docket No. CV-16-6060188-S.

[4] The plaintiff likewise argues on appeal that the court erred by not affording him an evidentiary hearing on the disputed issue as to whether he was aggrieved. We reject this argument because, as previously outlined, standing is an issue collateral to the determination as to the existence of a final judgment.