******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

ALVIN J. ROSARIO II *v.* THYJUAN ROSARIO
(AC 41942)

Lavine, Devlin and Bear, Js.

*Syllabus*

The plaintiff, whose marriage to the defendant previously had been dis-
solved, appealed to this court from the judgment of the trial court, which
found him in contempt for failing to satisfy various financial obligations
relating to the marital home. On appeal, the defendant claimed that
there were no motions pending before the court on which it could find
him in contempt, as the trial court had denied the defendant's motions
because she had failed to appear in court on the date of the scheduled
hearing on the motions. *Held* that the plaintiff could not prevail on his
claim that there were no motions pending before the trial court when
it found him in contempt: the record demonstrated that the defendant
filed three motions for a continuance on the same day and prior to the
scheduled hearing on the pending motions for contempt and the trial
court thereafter ordered the parties to obtain a hearing date from the
family caseflow office to continue the hearing on the defendant's claims
and granted in part the defendant's motions for a continuance, which
effectively vacated its denial of the defendant's motions for contempt;
furthermore, this court declined to review the plaintiff's claim that he
did not receive a motion for contempt by service of process, as that
claim was not adequately briefed.

Argued October 7, 2019—officially released June 16, 2020

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Fairfield and tried to the court, *Turner, J.*; judg-
ment dissolving the marriage and granting certain other
relief; thereafter, the trial court, *Sommer, J.*, granted
two motions for contempt filed by the defendant and
entered orders thereon, and the plaintiff appealed to
this court. *Affirmed.*

*Alvin J. Rosario II*, self-represented, the appellant
(plaintiff).

*Opinion*

BEAR, J. In this postdissolution of marriage matter, the self-represented plaintiff, Alvin J. Rosario II, appeals from the orders of the trial court granting two motions for contempt, docket entry #154.79 (motion #154.79) and docket entry #156 (motion #156), filed by the defendant, Thyjuan Rosario.[1] On appeal, the plaintiff claims that the trial court erred when it rendered judgment finding him in contempt because (1) those motions for contempt previously had been denied by the court and, thus, they were not properly before the court, and (2) the defendant did not serve the plaintiff with motion #156. Because we conclude, with respect to the first claim, that the court's January 19, 2017 order effectively vacated its January 3, 2017 order denying the motions, and, with respect to the second claim, that it is inadequately briefed, we affirm the judgment of the trial court.

The record contains the following facts and procedural history relevant to the plaintiff's claim. The marriage of the parties was dissolved on December 4, 2012. The plaintiff was ordered to pay various financial obligations relating to the marital home existing on December 4, 2012.[2] Specifically, in the dissolution judgment, the court, *Turner, J.*, ordered that the plaintiff pay the following outstanding bills: United Illuminating Company (electric company) bill in the amount of $1170; Bridgeport Water Pollution Control Agency (sewer company) bill in the amount of $650; and Aquarion Water Company bill in the amount of $514.44. Approximately eight months later, the defendant filed a motion for contempt, docket entry #123.79, because the plaintiff failed to comply with the court's orders. Subsequently, on July 11, 2013, Judge Turner found that the plaintiff either paid the bills in part or not at all. As a result, the court ordered the plaintiff to make an immediate payment to the electric company in the amount of $945 and to make arrangements for payment to the sewer company in the amount of $550. Additionally, the plaintiff was ordered to contact Hoffman Fuel Oil Company and enter into a written agreement for payment of a $200 obligation.

On July 9, 2016, the defendant filed another motion for contempt, docket entry #136.89, as a result of the plaintiff's failure to obey the trial court's orders.[3] Because the defendant failed to appear at the scheduled hearing, the motion was denied. Approximately two months later, on September 15, 2016, the defendant filed another motion for contempt, motion #154.79, and a motion to open judgment, docket entry #155.79, with respect to the denial of the motion #136.89. In motion #154.79, the defendant alleged that, as of September 1, 2016, the plaintiff had not paid the sum of $6511.12, the total amount she alleged to be owed by her to the sewer company as a result of the plaintiff's contumacious

behavior. On October 27, 2016, the defendant filed a second motion for contempt, motion #156, claiming that due to "fees, fines, legal fees, marshal fees and court fees" having been applied to the original outstanding balance of $650, the new outstanding balance to the sewer company was $8599.93.[4] The parties were due to appear before the court on January 3, 2017, for a continued hearing on the defendant's then pending contempt motions—#154.79 and #156. Following the defendant's failure to appear at the time the motions were called, the court denied the contempt motions and the motion to open judgment. On that same day and previously, however, the defendant had filed a motion for a continuance of the January 3, 2017 hearing date because she had employment obligations that she claimed she could not miss. Notwithstanding the aforementioned denials, the defendant's motion for a continuance was granted in part by the court, *M. Murphy, J.*, on January 19, 2017, subject to an instruction that the parties contact the family caseflow office for a firm date to continue the pending hearing on the defendant's motions.[5] The third and final day of the evidentiary hearing took place on April 13, 2017, with both parties present in court.

On June 28, 2017, the court, *Sommer, J.*, issued a memorandum of decision on the defendant's pending contempt motions, motion #154.79 and motion #156.[6] In its memorandum, the court recited the findings in its July 11, 2013 memorandum of decision and concluded that the posture of the case and position of the parties was largely unchanged—the original court orders were clear and unambiguous, and the plaintiff had not yet paid all of his court-ordered sewer company obligations. Additionally, the defendant was left to pay those obligations herself, which resulted in nonpayment, followed by a lien being placed on the former marital real property, and the institution of foreclosure proceedings. The court found that, although he was ordered to pay the sewer company, the plaintiff, instead, "travelled, took motorcycle trips and attended professional sporting events." The court found that the defendant's testimony was credible, and that the plaintiff's testimony was not credible. The court concluded that the plaintiff wilfully failed to make payments that were ordered by the court despite having the financial means to do so. The court further concluded that the plaintiff was responsible for the sewer company obligations then totaling $6461.12 and, therefore, ordered him to pay that amount no later than June 29, 2017.

In the year following the court's June 28, 2017 memorandum of decision, the defendant filed several other motions for contempt based on the plaintiff's alleged failure to comply with the court's order to pay the total amount then due to the sewer company. As a result of his failure to pay, the plaintiff was incarcerated three times. Each time he was incarcerated, the plaintiff paid

the purge amount, which ranged from $500 to $1000.

This appeal was filed on August 3, 2018. On November 14, 2018, this court ordered Judge Sommer to rectify the record by correcting its June 28, 2017 memorandum of decision, in which it, among other things, referenced the incorrect docket entry numbers when it identified the motions for contempt that were the subject of her ruling. Judge Sommer, on December 11, 2018, issued a rectified memorandum of decision, replacing the incorrect reference to docket entry #141 with an accurate reference to motions #154.79 and #156, the motions at issue in this appeal.[7]

I

On appeal, the plaintiff first claims that there was no motion pending before the trial court on which it could find him in contempt. More specifically, he claims that the court erred when it found him in contempt pursuant to motions #154.79 and #156, because the court had denied those motions after the defendant failed to appear in court to prosecute her claims on January 3, 2017. The record reflects, however, that on that same day and previously, the defendant had filed a total of three motions for a continuance and, as a result of those motions, the defendant appeared before the court on January 19, 2017, at which time the court ordered the parties to obtain a hearing date from the family caseflow office to continue the hearing on the defendant's pending claims. In its November 22, 2019 articulation, the court explained that, on January 19, 2017, when the defendant's motion for a continuance was granted in part, and the parties subsequently were ordered to obtain a hearing date from the family caseflow office, such order effectively vacated the January 3, 2017 order, which denied the defendant's motions for her failure to appear. Therefore, with the January 3, 2017 denials having been vacated, the defendant's motions for contempt, #154.79 and #156, were still properly pending before the trial court when the hearing continued on April 13, 2017, in the presence of both parties.[8]

We, therefore, reject the plaintiff's first claim.

II

The second claim that the plaintiff advances in this appeal is that he did not receive motion #156 by service of process.[9] The plaintiff, however, devotes only one sentence, in his thirty page brief, to this claim. "Claims are . . . inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." (Internal quotation marks omitted.) *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016). "Where an issue is merely mentioned, but not briefed beyond a bare assertion of the claim, it is deemed to have been waived." *Bridgeport Hospital* v. *Commission on Human Rights & Opportu-*

*nities*, 232 Conn. 91, 115, 653 A.2d 782 (1995). Accordingly, this claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The defendant did not file a brief in this appeal, nor did she attend oral argument before this court. We, therefore, have considered this appeal on the basis of the brief, appendix, and oral argument of the plaintiff alone. See *Kenosia Commons, Inc.* v. *DaCosta*, 161 Conn. App. 668, 669 n.1, 129 A.3d 730 (2015).

[2] The plaintiff did not pay all of those obligations, and he continuously has failed to comply with court orders directing him to pay them, prompting the defendant to petition the trial court on several occasions to find the plaintiff in contempt. Both parties frequently have failed to appear before the trial court on days in which the court was scheduled to hear oral argument, or on days the court ordered a status update, on the then pending motions. Each of the parties, after failing to appear in court, filed motions for reargument, reconsideration, and, if the motions were denied or dismissed, each of the parties then generally filed new motions containing the same claims as the previously denied or dismissed motions.

[3] The trial court, *Sommer, J.*, recognized that, due to the plaintiff's failure to comply with the court orders which required him to pay the sewer company obligation, additional charges, fees, and legal expenses were added to the total due to the sewer company. Additionally, the sewer company placed a lien on the former marital home in which the defendant and her children lived, which it then sought to foreclose. The defendant was charged with the sewer company costs related to that foreclosure proceeding. Motion #154.79 and motion #156 contained essentially the same facts and claims, except for the amount alleged to be owed by the plaintiff, $6511.12 in motion #154.79, and $8599.93 in motion #156.

[4] The trial court conducted hearings on the motions for contempt on October 10, 2016, December 12, 2016, and April 13, 2017. The plaintiff has not provided this court with the transcripts of those hearings.

[5] The plaintiff did not provide this court with a copy of the transcript of the January 19, 2017 hearing.

[6] In its title caption, the memorandum references the motion for contempt before it as motion #141, which, as will be addressed later in this opinion, is not the correct docket entry number of that motion.

[7] Although docket entry #155.79 is referred to in connection with the contempt proceedings, it is a motion to open the judgment relating to the court's denial of an earlier motion for contempt, docket entry #136.89, concerning the defendant's same debt to the sewer company. The court stated that the defendant had to reinitiate her proceedings for contempt, which she did by filing and serving motion #154.79.

[8] Additionally, even if we did not have the benefit of the court's articulation concerning the vacating of the January 3, 2017 denial of the pending contempt motions, the plaintiff did not provide this court with transcripts of the hearings held on January 19 and April 13, 2017, and, therefore, we are unable to independently review the proceedings that took place on those days, including statements before the court, if any, that might have related to the plaintiff's claims that the court's January 3, 2017 order should not have been vacated. See *State* v. *Germain*, 142 Conn. App. 805, 807–808, 65 A.3d 536 (2013) ("It is an appellant's duty to provide an adequate record for our review, including the transcript . . . . Without the transcripts, we are unable to discern what transpired in the prior proceedings or to conduct a meaningful review of the issues on appeal." (Citations omitted; internal quotation marks omitted.)); see also Practice Book §§ 61-10 and 63-8.

[9] We recognize that proper service of process "is a prerequisite to a court's exercise of [personal] jurisdiction over [a] party." (Internal quotation marks omitted.) *Matthews* v. *SBA, Inc.*, 149 Conn. App. 513, 530, 89 A.3d 938, cert. denied, 312 Conn. 917, 94 A.3d 642 (2014). Ordinarily, "[a] challenge to a court's personal jurisdiction . . . is waived if not raised by a motion to dismiss within thirty days . . . . The general waiver rule, however, is inapplicable in situations in which there has been no service of process or attempt of service." (Internal quotation marks omitted.) *Barr* v. *Barr*, 334 Conn. App. 479, 482, 225 A.3d 972 (2020). Although a party who has not been served will not be deemed to have waived any challenge to the trial court's exercise of personal jurisdiction solely by virtue of the fact that the party failed to file a timely motion to dismiss, a party may nonetheless waive

any challenge to the trial court's exercise of personal jurisdiction if the party appears in the case and actively contests the issues. See *In re Baby Girl B.*, 224 Conn. 263, 292, 618 A.2d 1 (1992); *Beardsley* v. *Beardsley*, 144 Conn. 725, 730, 137 A.2d 752 (1957).

Prior to the defendant filing motion #156, the plaintiff had appeared and was before the court with respect to motions #154.79 and #155.79, which were filed on September 15, 2016. The first day of the hearing on motion #154.79 occurred on October 10, 2016. The plaintiff filed motion #156 on October 27, 2016. The final two days of the hearing occurred on December 12, 2016, and April 13, 2017, after motion #156 had been filed. The defendant waived his objection to the court's exercise of personal jurisdiction with respect to motion #156 when he contested the issues relating to that motion during the hearing through his testimony and other actions. See *In re Baby Girl B.*, supra, 224 Conn. 292; *Beardsley* v. *Beardsley*, supra, 144 Conn. 730.

─────────────────────────────