SANDRA CARLSON BUCY *v.* PAUL C. BUCY
(6782)

BORDEN, SPALLONE and JACOBSON, Js.

Argued May 3—decision released July 4, 1989

*Gaetano Ferro,* for the appellant (defendant).

*Ellen B. Lubell,* with whom, on the brief, was *Edward Nusbaum,* for the appellee (plaintiff).

*Alfred J. Garofolo* filed a brief for the Connecticut Psychological Association, Inc., as amicus curiae.

SPALLONE, J. The defendant appeals from an adverse decision rendered by the trial court on the plaintiff's postjudgment motion for contempt. We dismiss the appeal, sua sponte, for lack of a final judgment.

On September 13, 1978, the marriage of the parties was dissolved. The judgment of dissolution granted custody of the parties' two minor children to the plaintiff. The judgment also provided in pertinent part that the defendant was to pay "all medical, dental and orthodontia expenses for the children not covered by insurance and in excess of $100 per child per year."

In October, 1985, the plaintiff took the parties' older daughter to Katherine Kernan, a licensed psychologist specializing in the treatment of severe eating disorders. She was diagnosed as suffering from bulimia, anorexia and "an adjustment disorder with mixed emotional features." The cost of her extensive treatment was $16,036.

The plaintiff submitted the bills to the defendant for payment in accordance with the provisions of the dissolution decree. After the defendant refused to pay the bills, claiming that expenses incurred for Kernan's services did not constitute medical expenses, the plaintiff brought a motion for contempt seeking enforcement of that part of the judgment requiring the defendant to pay medical expenses and requesting an order requiring the defendant to pay the costs and reasonable counsel fees associated with bringing the motion. After a contested hearing, the trial court found that the costs of the treatment by Kernan for the bulimia, anorexia

and adjustment disorder were "medical expenses" within the meaning of the judgment. The trial court expressly limited the defendant's obligation to pay the medical expenses to $12,030, the cost of those sessions directly concerned with the treatment of the child's disorders.[1] The court refused, however, to find the defendant in contempt, stating that the defendant's failure to pay the medical bills "arose out of a dispute over the interpretation of the decree and was not therefore willful." From this decision, the defendant has appealed.

This appeal must be dismissed because the record clearly establishes that it was not taken from a final decision of the trial court. In its memorandum of decision, the trial court expressly stated: "Counsel are directed to contact this court for a date for an additional hearing to hear and determine the following issues:

"1. At the initial hearing there was testimony regarding medical bills other than those of Dr. Kernan, but the parties felt that they could resolve the issue of those bills between themselves. If, however, they cannot do so, this court will enter appropriate orders in this regard.

"2. The terms by which the defendant husband is to pay the sums he is obligated to pay pursuant to this decision."[2]

---

[1] Some of the charges were for sessions that had been cancelled. The court held that the defendant was not obligated to pay charges for cancelled sessions.

[2] The trial court also noted the unresolved issue of whether the plaintiff should be awarded attorney's fees. The issue of counsel fees played no part in our determination of the lack of final judgment in this matter. Our Supreme Court has defined a "bright-line rule" to treat decisions on the merits and on attorney's fees separately. *Paranteau* v. *DeVita*, 208 Conn. 515, 522–23, 544 A.2d 634 (1988). "[W]e hold that a judgment on the merits is final for purposes of appeal even though the recoverability or amount of attorney's fees for the litigation remains to be determined." Id., 523.

The trial court thus left several issues raised by the plaintiff's motion unresolved, directing counsel to contact the court to schedule a hearing for the purpose of resolving those issues. Instead of proceeding as directed by the trial court, the defendant appealed the incomplete order.

Because there are unresolved issues, the order of the trial court is not final. Although this issue was not raised by the parties, this court has a duty to dismiss, even on its own initiative, any appeal that it lacks jurisdiction to hear. *Sasso* v. *Aleshin,* 197 Conn. 87, 89, 495 A.2d 1066 (1985); *Fattibene* v. *Kealey,* 12 Conn. App. 212, 216, 430 A.2d 206 (1987).

The appeal is dismissed.

In this opinion the other judges concurred.