WILLIAM E. SAWYER, JR. *v.* DAVID J. GALLIPOLI ET AL.
(7042)

DUPONT, C. J., BORDEN and DALY, Js.

Argued June 7—decision released July 18, 1989

*Laurence P. Nadel,* for the appellant (named defendant).

*Frank J. Forgione,* with whom, on the brief, was *Todd R. Bainer,* for the appellee (plaintiff).

PER CURIAM. The named defendant appeals from the trial court's judgment that granted easements by implication for the benefit of the plaintiff's property, thereby imposing a burden on the named defendant's property.

On March 4, 1986, the plaintiff commenced a lawsuit against the named defendant and Deborah and Vincent Perrelli,[1] seeking an easement by necessity over the

[1] In August, 1987, the complaint was withdrawn as to Deborah and Vincent Perrelli.

properties of the defendants. The plaintiff thereafter amended his complaint by adding an additional count, claiming that he was entitled to an easement by implication over the defendants' properties. The named defendant denied the existence of the easements and, in addition, claimed that the plaintiff's claims were barred by the doctrine of laches.

The trial court issued a memorandum of decision and rendered a judgment in the plaintiff's favor (1) holding that easements by implication for vehicular and utility access and a water line existed over the named defendant's property, (2) enjoining the named defendant from interfering with the plaintiff's use and enjoyment of the easements, (3) ordering the parties to appear at a future date for a hearing to determine the precise location of the easements, and (4) dismissing that portion of the plaintiff's complaint seeking an easement by necessity.

This appeal must be dismissed because the record clearly establishes that it was not taken from a final judgment of the trial court. In its memorandum of decision, filed on April 15, 1988, the trial court stated: "The parties are ordered to appear in this court on April 29, 1988, at 9:30 a.m. for a hearing to determine the metes and bounds of *said* easement." (Emphasis added.)[2] The trial court did not denote the specific easement that required an additional hearing and could have meant all three of the easements granted, namely, utility, vehicular, and water.

Because there is an unresolved issue extant, the order of the trial court is not final. Although this issue was

---

[2] In his brief, the named defendant states that that hearing and a rescheduled hearing were cancelled at the plaintiff's request.

not raised by the parties, this court has a duty to dismiss any appeal that it lacks jurisdiction to hear. *Bucy v. Bucy,* 19 Conn. App. 5, 8, 560 A.2d 483 (1989).

The appeal is dismissed.