SOPHIE ELLIS, EXECUTRIX (ESTATE OF JANE HUBERMAN) *v.* JEFFREY COHEN ET AL.
(AC 30326)

Harper, Alvord and Foti, Js.

Argued September 23—officially released December 1, 2009

*Michael Huberman,* pro se, the appellant (plaintiff Michael Huberman, executor of the estate of Jane Huberman).

*James M. Tanski,* with whom was *Amy F. Goodusky,* for the appellee (named defendant et al.).

*Andrew S. Wildstein,* with whom, on the brief, was *Frank H. Santoro,* for the appellee (defendant Hartford Hospital).

*Opinion*

ALVORD, J. In this medical malpractice action, the plaintiff Michael Huberman, coexecutor of the estate of Jane Huberman, appeals from the trial court's denial of his motion to vacate a judgment of nonsuit rendered in favor of the defendants. We dismiss the appeal.

The following facts and procedural history are relevant to our decision. In March, 2003, the plaintiff Sophie Ellis, as executrix of the estate of the decedent, Jane Huberman, brought this medical malpractice action against the defendants, Jeffrey Cohen and Scott Fecteau, the decedent's physicians, Hartford Hospital and

Connecticut Surgical Group, Inc., alleging wrongful death in violation of General Statutes § 52-555.[1] Michael Huberman, the son of the decedent and the brother of Ellis, was later made coexecutor of the estate and joined in the present action as a plaintiff.[2] During pretrial litigation the estate was represented by three successive attorneys until January, 2008, when coexecutor Huberman sought to provide exclusive representation to the estate.[3] Huberman is not a lawyer.

On April 17, 2008, Huberman attempted to appear on behalf of the estate at a trial management conference. The court, *McWeeny, J.*, sua sponte questioned the propriety of his appearance and, on April 21, 2008, prohibited Huberman from representing the estate.[4] The court ordered a licensed attorney to appear for the estate by the next trial management conference scheduled for June 25, 2008. Huberman, however, continued to act without counsel, and, on June 27, 2008, the defendants moved for a judgment of nonsuit.[5] The court granted the defendants' motion on July 7, 2008.[6]

[1] Summary judgment was rendered in favor of Fecteau on January 8, 2008, and he is not a party to this appeal. References in this opinion to the defendants are to Cohen, Hartford Hospital and Connecticut Surgical Group, Inc.

[2] Huberman was named coexecutor in September, 2003, and was joined in his representative capacity as a plaintiff on November 10, 2003.

[3] The original complaint was filed by attorney Marjorie Drake. Drake was replaced on August 4, 2003, by Michael Walsh of Moukawsher & Walsh, LLC. Walsh withdrew as counsel on March 28, 2007. On the same day, Huberman filed his first "pro se" appearance. Although the record also reflects an additional, albeit brief, appearance by the Gallagher Law Firm from October 18, 2007, until January 28, 2008, Huberman has attempted to represent the estate without the assistance of a licensed attorney since the Gallagher Law Firm's withdrawal.

[4] Cohen and the Connecticut Surgical Group, Inc., previously had moved to strike the appearance of Huberman, but their motion was denied on February 11, 2008, by the court, *Bentivegna, J.*

[5] The motion for nonsuit was filed by Cohen and the Connecticut Surgical Group, Inc., on June 27, 2008, and was joined by Hartford Hospital on June 30, 2008.

[6] Notice of the judgment of nonsuit issued on July 14, 2008.

On August 7, 2008, Huberman filed a motion to vacate the court's April 21, 2008 order prohibiting him from representing the estate and the July 7, 2008 judgment of nonsuit. The motion was denied on August 25, 2008. Thereafter, on September 15, 2008, Huberman filed this appeal.[7] He claims that Judge McWeeny's April 21, 2008 order and July 7, 2008 judgment violated his due process rights. We conclude that Huberman, as a nonlawyer, does not have authority to maintain an appeal on behalf of the estate. Consequently, we dismiss his appeal.[8]

General Statutes § 51-88 (a) provides in relevant part that "[a] person who has not been admitted as an attorney under the provisions of section 51-80 shall not . . . [p]ractice law or appear as an attorney-at-law for another, in any court of record in this state . . . ." Subsection (d), however, provides an exception for pro se litigants. It states that "[t]he provisions of this section shall not be construed as prohibiting . . . any person from practicing law or pleading at the bar of any court

[7] The defendants moved to dismiss Huberman's appeal as untimely. They claimed that the court's April 21, 2008 order was not an appealable final judgment. They also noted that Huberman's August 7, 2008 motion to vacate was filed more than twenty days after notice of the court's July 7, 2008 judgment issued. As a result, they claimed that Huberman's motion to vacate did not extend the appeal period and that the Huberman's September 15, 2008 appeal is untimely as to the merits of the July 7, 2008 decision. We agreed and granted the defendants' motion to dismiss as to the April 21, 2008 order and the July 7, 2008 judgment.

Thus, the only possible issue that could be raised on its merits by Huberman's September 15, 2008 appeal is whether the court abused its discretion when it denied his motion to vacate. See *Flater* v. *Grace*, 291 Conn. 410, 419, 969 A.2d 157 (2009) ("[w]hen a motion to open is filed more than twenty days after the judgment . . . the appeal from the denial of that motion can test only whether the trial court abused its discretion in failing to open the judgment and not the propriety of the merits of the underlying judgment" [internal quotation marks omitted]).

[8] This court sua sponte questioned whether Huberman's attempted representation of the estate constituted the unauthorized practice of law and, if so, whether his appeal should be dismissed. The parties were notified to be prepared to address this issue at argument and were given additional time to brief the matter.

of this state in his own cause . . . ." General Statutes § 51-88 (d) (2). Huberman argues that this exception applies to his case. He contends that because General Statutes § 52-555[9] authorizes an executor to bring an action on behalf of an estate, it necessarily also authorizes the executor to self-represent the estate. Much like the plaintiff in *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 551, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994),[10] Huberman claims that he is the only real party in interest. He argues that the resignation of Ellis as coexecutrix[11] eliminated any possible violation of § 51-88 (a) and, in effect, made the estate's wrongful death action his own. We disagree.

"The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, supra, 34 Conn. App. 546. An estate is not a legal entity. *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985). It can neither sue nor be sued. Id. Like a corporation, it "speaks only by virtue of personification." (Internal quotation marks omitted.)

[9] General Statutes § 52-555 (a) provides in relevant part: "In any action surviving to or brought by an executor or administrator for injuries resulting in death . . . such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses . . . ."

[10] In *Expressway Associates II*, this court held that "an individual who is not an attorney and who is a general partner of a partnership may not appear and participate, pro se, in an appeal on behalf of a general partnership." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, supra, 34 Conn. App. 551.

[11] On June 29, 2008, Ellis resigned as coexecutrix of the estate and disclaimed any property interest she may have had in the present action. Following Ellis' resignation, Huberman became the sole executor of the estate.

*Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut,* supra, 547. Thus, § 52-555 creates a cause of action for wrongful death that is maintainable on behalf of the estate only by an executor or administrator. Although the statute vests standing to bring such action exclusively in the administrator or the executor, it does not create an individual right of action.[12] Thus, an executor who brings an action pursuant to § 52-555 does so in his representative, fiduciary capacity, not as an individual plaintiff. Because the executor's "own cause" is not before the court, he has no right of self-representation.[13] Accordingly, Huberman's "pro se" appearance before this court constitutes the unauthorized practice of law in violation of § 51-88.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[12] See *Isaac* v. *Mount Sinai Hospital,* supra, 3 Conn. App. 600–601 ("Death, at common law, is not a recoverable element of damage. . . . It is only by reason of statute that a death action is maintainable in Connecticut. [General Statutes § 52-555] provides for the bringing of such an action by either an executor or an administrator; it does not confer on anyone else, including the parents of a decedent, any right to bring such an action individually." [Citations omitted; internal quotation marks omitted.]).

[13] To the extent that Huberman argues that his pro se appearance should be allowed because he is really representing himself as a beneficiary of the estate, he is misguided. An executor has a fiduciary duty to maintain undivided loyalty to the estate including its heirs, distributees and creditors. *Hall* v. *Schoenwetter,* 239 Conn. 553, 559, 686 A.2d 980 (1996). He cannot act in self-interest or use his position as executor to vindicate his personal interests as a beneficiary and skirt the narrow standing requirements of § 52-555.