******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ESTATE OF JAMES ROCK *v.* UNIVERSITY
OF CONNECTICUT
(SC 19465)

Palmer, Zarella, Eveleigh, McDonald, Espinosa,
Robinson and Vertefeuille, Js.*

*Argued March 29—officially released September 6, 2016*

*Amity L. Arscott*, with whom were *Stephen C. Embry*
and *Nathan Julian Shafner*, for the appellant (plaintiff).

*Lawrence G. Widem*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney general, and *Philip M. Schulz*, assistant attorney general, for the appellee (defendant).

*Opinion*

ZARELLA, J. The threshold jurisdictional issue in this appeal is whether the plaintiff, Estate of James Rock, has standing under the Workers' Compensation Act (act), General Statutes § 31-275 et seq., to seek benefits for temporary total disability and permanent partial disability, as well as reimbursement for, inter alia, medical expenses, when the deceased employee, James Rock (decedent), did not file a claim for benefits. The plaintiff appeals from the decision of the Compensation Review Board (board), which affirmed in part and reversed in part the decision of the Workers' Compensation Commissioner (commissioner), who dismissed the plaintiff's claims for lack of standing. The board upheld the commissioner's ruling that the plaintiff lacked standing to pursue disability benefits under General Statutes §§ 31-307 and 31-308 but remanded the case to allow the plaintiff to advance a claim for burial expenses, any actual lost wages the decedent sustained between his injury and his death, and medical expenses attributable to a compensable injury. On appeal, the plaintiff claims that (1) under the act, an estate of a deceased employee has standing to pursue workers' compensation benefits, (2) a claim for temporary total and permanent partial disability benefits survives the employee's death, and an estate is entitled to these benefits, even when the deceased employee did not file a claim, and (3) denying an estate the right to pursue these benefits violates both the federal and state constitutions. We disagree and conclude that, because an estate is not a legal entity capable of advancing a claim for any form of workers' compensation benefits, the board's decision must be reversed in part.

The following facts are undisputed. The decedent was employed by the defendant, the University of Connecticut, as a research associate for more than thirty-five years. In July, 2009, the decedent was diagnosed with mesothelioma, a form of cancer that can be caused by occupational exposure to asbestos. He died on June 27, 2010, at the age of eighty-five. At the time of his death, the decedent had neither presumptive dependents nor dependents in fact. The decedent never filed a notice of claim for workers' compensation benefits or otherwise requested such benefits for asbestos exposure. He did not seek payment of either temporary total, temporary partial, or permanent partial disability benefits. On October 19, 2011, the plaintiff filed a notice of claim for workers' compensation benefits on behalf of the decedent. The defendant contested the claim for benefits.

The commissioner decided the legal issues in conjunction with the defendant's motion to dismiss. The commissioner granted the motion to dismiss on the ground that the plaintiff did not have standing to pursue either permanent partial disability benefits under § 31-

308 or temporary total disability benefits under § 31-307. The plaintiff responded by filing a motion for clarification, which was denied. The plaintiff then filed a motion to substitute the administrator of the decedent's estate as the claimant[1] and a request to change the case caption, both of which were denied. Thereafter, the plaintiff appealed to the board. The board upheld the commissioner's dismissal of the plaintiff's claim for benefits under §§ 31-307 and 31-308 for lack of standing. The board nonetheless determined that an estate qualifies as a legal entity under the act, and, therefore, the plaintiff had standing to seek burial expenses, medical expenses, and actual lost wages.[2] The plaintiff appealed to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1. On appeal, the plaintiff challenges the standing determination but not the commissioner's denial of the motion to substitute the administrator of the decedent's estate as the claimant and the request to change the case caption.

"As a threshold matter, we set forth the standard of review applicable to workers' compensation appeals. The principles that govern our standard of review in workers' compensation appeals are well established. The conclusions drawn by [the commissioner] from the facts found must stand unless they result from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them. . . . [Moreover, it] is well established that [a]lthough not dispositive, we accord great weight to the construction given to the workers' compensation statutes by the commissioner and [the] board. . . . Cases that present pure questions of law, however, invoke a broader standard of review than is ordinarily involved in deciding whether, in light of the evidence, the agency has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . . We have determined, therefore, that the traditional deference accorded to an agency's interpretation of a statutory term is unwarranted when the construction of a statute . . . has not previously been subjected to judicial scrutiny [or to] . . . a governmental agency's time-tested interpretation . . . ." (Citation omitted; internal quotation marks omitted.) *Sullins* v. *United Parcel Service, Inc.*, 315 Conn. 543, 550, 108 A.3d 1110 (2015). With these principles in mind, we determine whether the plaintiff had standing to pursue its claims for workers' compensation benefits.

The plaintiff asserts that it has standing to pursue temporary total disability benefits under § 31-307, permanent partial disability benefits under § 31-308, and reimbursement for medical expenses incurred as a consequence of the decedent's compensable injury. The board determined that the plaintiff was not entitled to seek either type of disability benefit but that the plaintiff, *as an estate*, had standing to seek reimbursement

for, inter alia, medical expenses. The board examined the notice provisions of General Statutes § 31-294c (a) and determined that the phrase " 'legal representative of the deceased employee' " in § 31-294c (a) included more than just an executor or an administrator. The board reasoned that the legislature would have used the words "executor" and "administrator" if it had intended to limit the parties eligible to bring a workers' compensation claim to only those entities, and, therefore, the term was intended to be expansive enough to include the decedent's estate. We disagree.

A claim filed after an employee's death is controlled by § 31-294c. That statute provides in relevant part: "[I]f death has resulted within two years from the date of the accident or first manifestation of a symptom of the occupational disease, a dependent or dependents, or the legal representative of the deceased employee, may make claim for compensation . . . ." General Statutes § 31-294c (a). The legislature's use of the term "legal representative" is not indicative of legislative intent to extend standing under § 31-294c to an estate. The commonly accepted meaning of the term "legal representative" is executor, administrator, or heir. See, e.g., *Staples* v. *Lewis*, 71 Conn. 288, 290, 41 A. 815 (1898) ("[w]hen [the term 'legal representative'] is used to describe the representatives of deceased persons, it means either executors and administrators, or persons who in consequence of the death of the deceased take some portion of his estate"); Black's Law Dictionary (10th Ed. 2014) p. 1494 (defining "legal representative" as "[a] lawful representative . . . a legal heir . . . [a]n executor, administrator, or other legal representative," or "[a] personal representative . . . [s]omeone who manages the legal affairs of another because of incapacity or death, such as an executor of an estate"). The statutory scheme uses the term in different contexts, but only in reference to a legal person.[3]

It is well established that an estate is not a legal representative. It is incapable of bringing a claim under § 31-294c or any other section of the act. "An estate is not a legal entity. It is neither a natural nor artificial person, but is merely a name to indicate the sum total of the assets and liabilities of the decedent or incompetent. . . . Not having a legal existence, it can neither sue nor be sued." (Citation omitted; internal quotation marks omitted.) *Isaac* v. *Mount Sinai Hospital*, 3 Conn. App. 598, 600, 490 A.2d 1024, cert. denied, 196 Conn. 807, 494 A.2d 904 (1985); see *Ellis* v. *Cohen*, 118 Conn. App. 211, 215–16, 982 A.2d 1130 (2009) (holding that estate is not legal entity and that wrongful death action can be maintained on behalf of estate only by executor or administrator); *Nanni* v. *Dino Corp.*, 117 Conn. App. 61, 70 n.6, 978 A.2d 531 (2009) ("[i]n Connecticut, a decedent's estate is not a distinct legal entity"); see also 1 R. Dupont, Connecticut Civil Practice (2015–2016) § 10-33.1, pp. 10-67 through 10-68 ("[a] motion to dismiss

[will be] sustained . . . if [an] action [is] commenced simply in the name of the decedent's estate, because an estate is not a legal entity and no wrongful death action may be commenced except in the name of the executor or administrator of the estate"). We therefore conclude that the board incorrectly determined that the plaintiff had standing to pursue any form of workers' compensation benefits, including medical benefits and actual lost wages. Therefore, we reverse in part the board's decision.

The plaintiff nonetheless claims that a determination that the estate of a deceased employee does not have standing to pursue workers' compensation benefits under §§ 31-307 and 31-308 violates the right to redress guaranteed by article first, § 10, of the constitution of Connecticut. This assertion is incorrect. Article first, § 10, of the Connecticut constitution provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay." The plaintiff is neither a natural person nor an artificial person and, therefore, is not entitled to the protections of article first, § 10. See *Isaac* v. *Mount Sinai Hospital*, supra, 3 Conn. App. 600 ("[an estate] is neither a natural nor artificial person" [internal quotation marks omitted]).

Finally, the plaintiff contends that denying it the right to pursue claims for workers' compensation benefits violates the due process and equal protection provisions of the federal and state constitutions. The plaintiff cites no authority to support this claim and does not explain how such a denial violates either the federal or state constitution. We consider these claims to be inadequately briefed and therefore decline to address them. "Claims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion. . . . Claims are also inadequately briefed when they . . . consist of conclusory assertions . . . with no mention of relevant authority and minimal or no citations from the record . . . ." (Citations omitted; internal quotation marks omitted.) *Electrical Contractors, Inc.* v. *Dept. of Education*, 303 Conn. 402, 444 n.40, 35 A.3d 188 (2012).

For the foregoing reasons, we conclude that the plaintiff does not have standing to pursue any type of workers' compensation benefits. The board incorrectly determined that an estate constitutes a legal representative under § 31-294c, and, thus, we reverse in part the board's decision.

The decision of the Compensation Review Board is reversed insofar as the board determined that the plaintiff is a legal representative that could pursue workers' compensation benefits under the act, and the case is remanded with direction to dismiss the plaintiff's claims; the decision of the board is otherwise affirmed.

In this opinion the other justices concurred.

* This case originally was scheduled to be argued before a panel of this court consisting of Justices Palmer, Zarella, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille. Although Justice Eveleigh was not present at oral argument, he has read the briefs and appendices, and has listened to a recording of oral argument prior to participating in this decision.

[1] The motion to substitute the administrator of the decedent's estate as the claimant was filed to "clarify that the claimant is Isabel Rock Russak, as the administrator of the estate of James Rock . . . ."

[2] In its brief to the board, the defendant argued that an estate is not a legal entity and, thus, lacks standing to bring any claim for workers' compensation benefits. The defendant has consistently advanced this argument since the first formal hearing before the commissioner. The defendant argued this position in its memorandum in support of its motion to dismiss, in its brief to the board, and in its brief to this court. We conclude that the defendant's argument is properly before us.

[3] See, e.g., General Statutes § 17a-210 (b) (legal representative can be parent, conservator, or guardian); General Statutes § 34-173 (a) (legal representative can be executor, administrator, guardian, or conservator).