******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RANIA NAHLAWI *v.* MOHAMAD NAHLAWI
(AC 40793)

Lavine, Bright and Bear, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court dissolving his marriage to the plaintiff and issuing certain financial and child custody orders. The defendant claimed that the trial court improperly awarded periodic alimony to the plaintiff and ordered him to transfer certain real property to her, and that the court improperly entered a final child custody and visitation order in its judgment that referenced a pendente lite parenting plan that the parties had agreed on, but which had been superseded by a subsequent pendente lite parenting plan that the parties and a different trial court had intended would become the final order of the court. *Held* that the trial court erred in entering a final child custody and visitation order that incorporated the pendente lite parenting plan stipulation that had been superseded by the subsequent pendente lite parenting plan, as there was no dispute that the parties had agreed that the later parenting plan would be incorporated into the final judgment, and the plaintiff indicated that she would not object to a correction of that mistake; moreover, the defendant's claims that challenged the trial court's alimony and property orders were inadequately briefed and, thus, were not reviewable.

Argued March 4—officially released May 14, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the court, *Hon. Howard T. Owens, Jr.,* judge trial referee, entered an order in accordance with the parties' pendente lite parenting plan stipulation; thereafter, the court, *Maureen M. Murphy, J.,* entered an order in accordance with the parties' pendente lite parenting plan stipulation; subsequently, the matter was tried to the court, *Sommer, J.*; judgment dissolving the marriage and granting certain other relief in accordance with the parties' pendente lite parenting plan stipulation, from which the defendant appealed to this court. *Reversed in part; judgment directed.*

*Roy W. Moss*, for the appellant (defendant).

*George J. Markley*, for the appellee (plaintiff).

*Opinion*

BEAR, J. The defendant, Mohamad Nahlawi, appeals from the judgment of the trial court dissolving his marriage to the plaintiff, Rania Nahlawi. On appeal, the defendant claims that the court erred in (1) awarding periodic alimony in the absence of any finding as to the actual amount of the parties' incomes, expenses and liabilities, or the value of their respective assets, (2) ordering the transfer of real property without any finding as to the actual value thereof, and (3) entering a final child custody and visitation order that referenced a pendente lite parenting plan stipulation that had been superseded by a subsequent pendente lite parenting plan stipulation that the parties and the court had intended would become the final order. The plaintiff concedes that the court's child custody and visitation order should have referred to the February 28, 2017 parenting plan stipulation rather than the December 8, 2016 stipulation that was referenced in the judgment. We reverse the judgment of the court with respect to the child custody and visitation order. We affirm the judgment in all other respects.

The defendant, in his brief before this court, presents no facts and virtually no legal analysis in support of his first two claims. With respect to the alimony claim, the defendant's entire analysis and argument is that "[t]he court made no findings as to the amount of income or value of the parties' assets. It should be noted [that] the court did not find any concealment or misrepresentation of income, assets, or other financial circumstances on the part of the defendant. The court has broad discretion only so long as it considers all relevant statutory criteria. . . . Under the foregoing circumstances, the award of periodic alimony was unsupported by the record, failed to adhere to the above comprehensive statutory criteria [in General Statutes § 46b-82], and therefore constituted an abuse of discretion."[1] (Citation omitted.) His analysis of his real property claim is similarly limited.

It is well established that "[w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . [F]or this court judiciously and efficiently to consider claims of error raised on appeal . . . the parties must clearly and fully set forth their arguments in their briefs. . . . The parties may not merely cite a legal principle without analyzing the relationship between the facts of the case and the law cited." (Citation omitted; internal quotation marks omitted.) *State* v. *Buhl*, 321 Conn. 688, 724, 138 A.3d 868 (2016); see also *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016) ("[c]laims are inadequately briefed when they . . . consist of con-

clusory assertions . . . with no mention of relevant authority and minimal or no citations from the record" [internal quotation marks omitted]). Accordingly, we decline to address the defendant's first two claims on the ground that they are inadequately briefed.

The defendant next claims that the court erred in entering a final child custody and visitation order that referenced a pendente lite parenting plan stipulation that had been superseded by a subsequent pendente lite parenting plan stipulation that the parties and the court had intended would become the final order. The plaintiff concedes that the court incorrectly incorporated the earlier stipulation in its order, and indicated both in her brief and during oral argument before this court that she would not object to a correction of this mistake.

In its memorandum of decision filed August 9, 2017, the court incorporated a parenting plan that had been agreed to by the parties and made an order of the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, on December 8, 2016. Pursuant to this plan, the parties were to share joint legal custody of the minor children who resided with the plaintiff, the defendant was to have visitation rights as arranged by the parties, and neither party was to take the children outside the state of Connecticut without the agreement of the other parent or an order of the court. Although the parties initially had agreed to that plan, there is no dispute that the parties subsequently agreed that the later parenting plan dated and made an order of the court, *Maureen M. Murphy, J.*, on February 28, 2017, would be incorporated into the final judgment. The court, however, incorrectly incorporated the earlier stipulation when rendering its final judgment.

The judgment is reversed only as to the child custody and visitation order and the case is remanded with direction to render judgment that incorporates the February 28, 2017 stipulation rather than the December 8, 2016 stipulation. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] In its memorandum of decision the court set forth the § 46b-82 factors and considered those factors in determining the amount and duration of the alimony.