******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MARIA W. *v.* ERIC W.*
(AC 41284)

DiPentima, C. J., and Alvord and Norcott, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court
dissolving his marriage to the plaintiff and from the court's order, made
in connection with a postjudgment motion for contempt filed by the
plaintiff, requiring him to make certain payments to satisfy his child
support and alimony arrearages. *Held*:

1. The defendant could not prevail on his claim that the trial court abused
its discretion by admitting the plaintiff's testimony that he previously
had been arrested and charged with certain criminal offenses, which
he claimed improperly and adversely influenced the court's opinion of
him; even if the admission of the testimony was erroneous, the defendant
failed to demonstrate how he was harmed by its admission.

2. This court lacked jurisdiction over the defendant's challenge to the trial
court's findings and order related to the plaintiff's postjudgment motion
for contempt; the trial court had found that the defendant was in arrears
on his child support and alimony obligations and ordered the defendant
to make payments to the plaintiff on the arrearage, but continued the
matter to a later date to make the necessary determination of whether
the defendant's failure to pay was wilful or due to his inability to pay,
and, therefore, given that the court resolved some, but not all, of the
issues in the motion for contempt, the order from which the defendant
appealed was not final, and this court was without jurisdiction to enter-
tain the defendant's claim due to the lack of a final judgment.

Argued April 16—officially released June 25, 2019

*Procedural History*

Action for the dissolution of a marriage, and for other
relief, brought to the Superior Court in the judicial dis-
trict of Waterbury and tried to the court, *Hon. Lloyd
Cutsumpas*, judge trial referee; judgment dissolving the
marriage and granting certain other relief; thereafter,
the plaintiff filed a motion for contempt and the court
issued certain orders, and the defendant appealed to
this court. *Affirmed in part*; *appeal dismissed in part*.

*Eric W.*, self-represented, the appellant (defendant).

*Opinion*

PER CURIAM. The self-represented defendant, Eric W., appeals from the judgment of dissolution and the court's order related to the postjudgment motion for contempt filed by the plaintiff, Maria W.[1] On appeal, the defendant has raised numerous claims,[2] which we have distilled to his claims that the court (1) abused its discretion by admitting evidence at the dissolution trial of his arrest and (2) with respect to the plaintiff's motion for contempt, improperly found him to be in arrears on his child support and alimony obligations and ordered him to make certain weekly payments to the plaintiff to cover his current and delinquent child support and alimony obligations. We affirm the judgment of dissolution and dismiss the appeal with respect to the motion for contempt for lack of a final judgment.

The record reveals the following relevant facts and procedural history. The parties were married on March 17, 2000, and are the parents of one minor child. The plaintiff initiated the underlying dissolution proceeding in June, 2016. The trial lasted five days, commencing on May 11, 2017, and concluding on June 9, 2017. At trial, the plaintiff testified as to an April 5, 2016 incident in which the police arrested and charged the defendant.[3] The charges were risk of injury to a child, assault in the third degree, resisting arrest, and disturbance of the peace. The defendant objected to this testimony on the ground that the charges had been dismissed. The court overruled the defendant's objection.

On June 26, 2017, the court dissolved the parties' marriage. In its judgment of dissolution, the court found the plaintiff's evidence "far more credible" than that of the defendant. The court found that the plaintiff acted as the primary caregiver to the child and that the defendant, despite having been afforded supervised parenting time with the child, had failed to visit the child in more than one year. The court granted the parties joint legal custody of the child and further ordered that the child's "primary residence and physical custody will be with the [plaintiff] . . . ." Finding that the defendant's pendente lite child support and alimony payments were in arrears in the amount of $1008 and $1200, respectively, the court ordered the defendant to make weekly payments of $16 toward the child support arrearage and $10 toward the alimony arrearage. It additionally ordered the defendant to pay the plaintiff weekly child support in the amount of $82 and weekly alimony in the amount of $25.

On November 29, 2017, the plaintiff filed a motion for contempt, alleging that the defendant owed her $3857 for past due child support and alimony. Following a January 2, 2018 hearing on the matter, the court found that the defendant owed the plaintiff $5739 and ordered him to make payments on that amount.[4]

On appeal, the defendant asks this court to reverse the court's dissolution orders in their entirety and to remand the matter for a new trial. "An appellate court will not disturb a trial court's orders in domestic relations cases unless the court has abused its discretion or it is found that it could not reasonably conclude as it did, based on the [evidence] presented. . . . It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. . . . In determining whether a trial court has abused its broad discretion in domestic relations matters, we allow every reasonable presumption in favor of the correctness of its action. . . . [T]o conclude that the trial court abused its discretion, we must find that the court either incorrectly applied the law or could not reasonably conclude as it did. . . . Appellate review of a trial court's findings of fact is governed by the clearly erroneous standard of review. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Emphasis omitted; internal quotation marks omitted.) *Kirwan* v. *Kirwan*, 185 Conn. App. 713, 726, 197 A.3d 1000 (2018).

The defendant first contends that the court's orders improperly were predicated on the criminal charges that were dismissed. He argues that the admission of this testimony adversely influenced the court's opinion of him, as demonstrated by the court's decision to credit the plaintiff's evidence. We review the court's evidentiary ruling for an abuse of discretion. *Senk* v. *Senk*, 115 Conn. App. 510, 518, 973 A.2d 131 (2009). "A party claiming error in an evidentiary ruling of the court must carry the burden of demonstrating that the error was harmful before a new trial may be granted. . . . In a civil case, the standard for determining whether such an improper ruling is harmful is whether the ruling would likely affect the result." (Citation omitted.) Id., 520.

In the present case, despite the defendant's objection on the ground that the charges have since been dismissed, the court did not specify its reason for permitting this testimony. Even if we assume that the court erroneously admitted the evidence, however, the defendant has not demonstrated how the admission of this testimony harmed him. Accordingly, we reject the defendant's claim.

Additionally, the defendant challenges the court's January 2, 2018 findings and order related to the plaintiff's motion for contempt. The court's January 2, 2018 order, finding an arrearage and ordering payments, from which the defendant appealed, however, left open the issue as to whether the defendant's failure to pay was wilful or due to his inability to pay.[5]

"The jurisdiction of the appellate courts is restricted to appeals from judgments that are final. . . . The appellate courts have a duty to dismiss, even on [their] own initiative, any appeals that [they lack] jurisdiction to hear." (Citations omitted; internal quotation marks omitted.) *Khan* v. *Hillyer*, 306 Conn. 205, 209, 49 A.3d 996 (2012). "The lack of a final judgment implicates the subject matter jurisdiction of an appellate court to hear an appeal. A determination regarding . . . subject matter jurisdiction is a question of law . . . [and, therefore] our review is plenary." (Internal quotation marks omitted.) Id.

The court, in its January 2, 2018 "Findings Correction" memorandum on the plaintiff's motion for contempt, stated in relevant part: "The court has not made a determination of the defendant's wilfulness or ability to pay the [alimony and child support] orders and the matter is *continued to April 9, 2018, for that purpose.* . . . The only contempt issue remaining is wilfulness and ability to pay." (Emphasis added.)

Consequently, the court's arrearage finding and payment orders did not constitute a complete resolution of the contempt motion and, therefore, were not an appealable final judgment. See *Bucy* v. *Bucy*, 19 Conn. App. 5, 6–8, 560 A.2d 483 (1989) (not appealable final judgment because court declined to find defendant in contempt and left open issues of whether parties could arrange for payment of medical bills between themselves and terms by which defendant was obligated to make certain required payments). The court continued the contempt hearing to address the necessary element of wilfulness. The defendant's appeal from the court's January 2, 2018 order, therefore, is dismissed.

The judgment of dissolution is affirmed; the appeal is dismissed in part only with respect to the motion for contempt.

* In accordance with our policy of protecting the privacy interests of the victims of family violence, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The plaintiff neither filed a brief nor appeared for oral argument in this court. Consistent with an order from this court dated January 28, 2019, rendered pursuant to Practice Book § 85-1, we consider this appeal solely on the basis of the record, as defined by Practice Book § 60-4, and the defendant's brief.

[2] The defendant, in his brief, expresses several concerns that are mentioned but not briefed adequately and, therefore, do not merit our review. See *Estate of Rock* v. *University of Connecticut*, 323 Conn. 26, 33, 144 A.3d 420 (2016) ("[c]laims are inadequately briefed when they are merely mentioned and not briefed beyond a bare assertion" [internal quotation marks omitted]).

[3] In its pendente lite orders of June 30, 2016, related to the plaintiff's motions for sole custody, child support, and exclusive possession and use of the family residence, the court stated that "[t]he defendant is subject to a criminal protective order stemming from his arrest on domestic violence charges" and that he also is "subject to a temporary restraining order issued by [the] court on May 17, 2016, pursuant to General Statutes § 46b-15. That order will remain in effect until August 17, 2016."

[4] The court initially found the defendant in arrears totaling $4389. The court subsequently issued a "Findings Correction" in which it found the defendant in arrears of $5739. In its "Findings Correction" memorandum,

the court recounted that the defendant had been subject to court ordered weekly payments on child support and alimony arrears, and indicated that the defendant "is urged to make every effort . . . to make payment on the orders in place . . . . The orders are fixed and not subject to relitigation."

[5] To determine whether to hold a party in contempt of an order of court, the court must find, inter alia, that the party's violation of the order was "wilful or excused by a good faith dispute or misunderstanding." (Internal quotation marks omitted.) *Cunniffe* v. *Cunniffe*, 150 Conn. App. 419, 437, 91 A.3d 497, cert. denied, 314 Conn. 935, 102 A.3d 1112 (2014).

———————————————