******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

U.S. BANK, NATIONAL ASSOCIATION,
CUSTODIAN *v.* PAUL ROSE ET AL.
(AC 46007)

Bright, C. J., and Moll and Seeley, Js.

*Syllabus*

In an action to foreclose a mortgage on certain real property owned by the
named defendant, who died subsequent to the commencement of the
foreclosure action, the estate of the named defendant was cited in as
a party, and service was made on the named defendant's son, R, in his
capacity as executor of the estate of the named defendant. R then filed
an appearance as executor of the estate of his father in a self-represented
capacity. The plaintiff filed a motion to strike R's appearance on behalf
of the estate on the ground that an estate may not be represented by
a nonlawyer individual, which the trial court granted. The trial court
denied R's motions to intervene and to open the judgment. On R's appeal
to this court, he asserted that, because he was the sole beneficiary of
his father's estate, he had a substantial interest in the foreclosure matter
and should have been made a party thereto. *Held* that, pursuant to this
court's decision in *Ellis* v. *Cohen* (118 Conn. App. 211) and for the
reasons stated therein, the appeal was dismissed.

Submitted on briefs October 16—officially released November 21, 2023

*Procedural History*

Action to foreclose a mortgage, brought to the Supe-
rior Court in the judicial district of New Haven, where
the court, *Cirello, J.*, denied the motions filed by Rah-
man Rose to open the judgment and to intervene and
granted the plaintiff's motion to strike Rahman Rose's
appearance, from which Rahman Rose appealed to this
court. *Appeal dismissed.*

*Rahman Rose*, self-represented, the appellant, filed
a brief (proposed intervenor).

*Opinion*

PER CURIAM. Rahman Rose, the proposed intervenor in this action to foreclose a mortgage on certain real property owned by his father, the defendant Paul Rose,[1] who died subsequent to the commencement of the foreclosure action, filed this appeal in a self-represented capacity challenging various rulings of the trial court, including its denial of his motion to open the foreclosure judgment to extend the sale date, its granting of the motion of the plaintiff, U.S. Bank, National Association, as custodian for Tower DBW IV Trust 2014-1, to strike an appearance that Rahman Rose filed to appear on behalf of the estate of Paul Rose, and its denial of his motion to intervene. On appeal, he asserts that, because he is the sole beneficiary of his father's estate, he has a substantial interest in the foreclosure matter and should have been made a party thereto. We dismiss the appeal.

We briefly set forth the following relevant procedural history. After the commencement of the foreclosure action, the trial court rendered a judgment of foreclosure by sale, which was opened several times to extend the sale date. Thereafter, Paul Rose died, and his counsel withdrew her appearance in this matter. The trial court subsequently granted the plaintiff's motion to cite in as a party the estate of Paul Rose, and service was made on Rahman Rose, in his capacity as executor of the estate of Paul Rose. Rahman Rose, a nonlawyer, then filed an appearance on behalf of the estate, and the plaintiff filed a motion to strike that appearance on the ground that an estate may not be represented by a nonlawyer individual in a self-represented capacity. The trial court granted the plaintiff's motion to strike the appearance and denied Rahman Rose's motions to open the judgment and to intervene, and this appeal followed. We conclude that this appeal is governed by this court's prior decision in *Ellis* v. *Cohen*, 118 Conn. App. 211, 982 A.2d 1130 (2009), and, for the reasons stated therein, this appeal must be dismissed.

The appeal is dismissed.

[1] This foreclosure action was brought against a number of other defendants who are not relevant to or involved in this appeal.