******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

CAZENOVIA CREEK FUNDING I, LLC *v.* LOUIS
ROMAN, IN TRUST FOR ALEXANDRIA K.
ROMAN ET AL.
(AC 45810)

Alvord, Elgo and Eveleigh, Js.

*Syllabus*

The plaintiff sought to foreclose on certain real property owned by the
named defendant, a trust. R filed a self-represented appearance in the
action on behalf of the trust, and the trial court sua sponte struck R's
appearance as improper, finding that the trust could only be represented
by counsel. The court rendered a judgment of foreclosure by sale, and
R appealed to this court, which dismissed the appeal on the basis that
R was not a party to the action and could not file an appeal on behalf
of the trust in a representative capacity. Thereafter, in the trial court,
R filed two motions to dismiss the action against the trust, which the
trial court denied. R subsequently filed a motion to substitute himself
as the defendant, to which he attached a quitclaim deed that transferred
the property from R as trustee to himself individually, which the court
denied. The court then denied R's third motion to dismiss the action
for lack of subject matter jurisdiction, and R appealed to this court.
*Held* that this court dismissed the appeal because R, who was neither
a party to the action nor an attorney, appeared without counsel on
behalf of a trust and did not have the authority to represent the trust
pursuant to statute (§ 51-88): to the extent that the appeal was brought
by R in his individual capacity, the appeal was dismissed on the basis
that R was not a party to the action, as the defendant in the action was
the trust, and, although R filed documents indicating that the property
had been transferred from the trust to himself, R had not moved to
intervene in the action in his individual capacity, and the court had
denied his motion to substitute himself in his individual capacity for
the trust; moreover, to the extent that R, a nonattorney, appeared on
behalf of the trust in a representative capacity, R was not representing
his own cause in this appeal and, therefore, did not have the authority
pursuant to § 51-88 (d) (2) to represent the trust.

Submitted on briefs January 4—officially released February 13, 2024

*Procedural History*

Action to foreclose a mortgage on certain real property of the named defendant, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the named defendant was defaulted for failure to appear; thereafter, the court, *Bruno, J.*, rendered judgment of foreclosure by sale; subsequently, the court, *Hon. Dale Radcliffe*, judge trial referee, denied the motion to dismiss filed by Louis Roman; thereafter, Benchmark Municipal Tax Services, Ltd., was substituted as the plaintiff, and Louis Roman appealed to this court. *Appeal dismissed*.

*Louis Roman*, self-represented, filed a brief as the appellant.

*Juda J. Epstein*, filed a brief for the appellee (substitute plaintiff).

PER CURIAM. Louis Roman appeals from the judgment of the trial court denying his motion to dismiss this foreclosure action for lack of subject matter jurisdiction. Roman filed this appeal as a self-represented

litigant seeking to represent the interests of the named defendant, Louis Roman, in Trust for Alexandria K. Roman and Dakota T. Roman (trust).[1] Because Roman, who is neither a party to this action nor an attorney, has appeared without counsel on behalf of a trust, we conclude that Roman does not have the authority to represent the trust. Accordingly, we dismiss the appeal.

The following procedural history is relevant to our resolution of this appeal. In June, 2017, the plaintiff, Cazenovia Creek Funding I, LLC,[2] commenced a foreclosure action against the trust. On August 10, 2017, Roman filed a self-represented appearance in this foreclosure action on behalf of the trust. On December 21, 2018, the trial court, *Bellis, J.*, sua sponte struck Roman's appearance and any filings filed on behalf of the trust as improper, finding that the trust may only be represented by counsel. A default for failure to appear was granted against the trust on January 24, 2019. On January 31, 2019, Roman filed another appearance, as "Louis Roman, under a power of attorney from the trust," apparently seeking again to represent the trust. On February 11, 2019, the trial court, *Bruno, J.*, rendered a judgment of foreclosure by sale and set a sale date of June 15, 2019. On June 12, 2019, Roman filed an appearance as "Louis Roman, Pro Se," despite not being named individually as a defendant in the complaint.

Roman appealed from the court's February 11, 2019 judgment of foreclosure, and this court dismissed the appeal on the basis that, first, Roman is not a party to the action and, second, he cannot file an appeal on behalf of the trust in a representative capacity.

Thereafter, Roman filed with the trial court two motions to dismiss the foreclosure action against the trust, arguing, inter alia, that the court lacked subject matter jurisdiction over the action. The plaintiff objected to both motions and argued, inter alia, that Roman is not an attorney and is improperly appearing on behalf of the trust. The court denied both motions.

On January 28, 2022, Roman filed a motion to substitute "Louis Roman for Louis Roman in trust for Alexandria K. Roman and Dakota T. Roman, et al. as party defendant," attaching a quitclaim deed that transferred the property from Roman as trustee to himself individually.[3] The trial court, *Hon. Dale W. Radcliffe*, judge trial referee, denied the motion on April 7, 2022, stating: "Roman represents that the trusts have been terminated or revoked. Therefore, any interest they might have had is an interest that he has individually, and he is already a self-represented party. The motions . . . are DENIED without prejudice. To the extent that . . . Roman represents his own interest, he has standing to do so as a self-represented party."

The plaintiff filed a motion to reset the sale date, alleging that Roman had filed a bankruptcy petition and

a bankruptcy court had granted the plaintiff's motion for relief from stay. The court granted the plaintiff's motion and set a new sale date of July 16, 2022. Roman again appealed, and this court issued a delinquency order dismissing the appeal for Roman's failure to file any of the Practice Book § 63-4 documents.

On July 1, 2022, Roman filed with the trial court a third motion to dismiss the foreclosure action against the trust on the basis that the court lacked subject matter jurisdiction over the action. The plaintiff filed an objection to Roman's motion to dismiss on August 4, 2022, and argued, inter alia, that the motion "is . . . procedurally deficient. [Roman] . . . can only represent himself and his own interests. He is not permitted under Connecticut law to represent the interests of others, which would constitute the unauthorized practice of law." On August 24, 2022, the court held argument on the third motion to dismiss. The court orally denied the motion to dismiss and subsequently issued a written order that same day reiterating its denial of the motion on the basis that the court does have subject matter jurisdiction over the action. This appeal followed.

Prior to oral argument in this appeal, this court issued an order, sua sponte, instructing the parties to be prepared to address "whether this appeal should be dismissed as to . . . Roman, individually, because he is not a party to this action . . . and whether this appeal should be dismissed as to [the trust], because . . . Roman is not an attorney and cannot file an appeal in a representative capacity." (Citation omitted.) Roman did not appear before this court for oral argument and, instead, filed a request to have argument rescheduled or have his case taken on the papers. This court granted Roman's request to consider his appeal on the papers.

We first address whether this appeal, to the extent that it is brought by Roman in his individual capacity, should be dismissed on the basis that he is not a party to this action. General Statutes § 52-263 provides in relevant part: "[I]f either party is aggrieved by the decision of the court . . . he may appeal to the court having jurisdiction from the final judgment . . . ." Accordingly, "the appellant must be a party" in order to "establish subject matter jurisdiction for appellate review . . . ." *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999).

In this case, the defendant in the underlying foreclosure action is the trust and not Roman in his individual capacity. Although Roman filed documents with the trial court indicating that the subject property has been transferred from the trust to him, even if that is true, the fact remains that Roman is not a party to the action. Roman has not moved to intervene in the action in his individual capacity, and his motion to substitute himself in his individual capacity for the trust was denied by the court. Thus, this court lacks subject matter jurisdiction

over the portion of the appeal brought by Roman in his individual capacity because he is not a party to the underlying action.

We next address whether this appeal should be dismissed to the extent that Roman appears on behalf of the trust in a representative capacity. General Statutes § 51-88 (a) provides in relevant part: "Unless a person is providing legal services pursuant to statute or rule of the Superior Court, a person who has not been admitted as an attorney under the provisions of section 51-80 . . . shall not: (1) Practice law or appear as an attorney-at-law for another in any court of record in this state . . . or (8) otherwise engage in the practice of law as defined by statute or rule of the Superior Court." Subsection (d) of § 51-88, however, provides in relevant part: "The provisions of this section shall not be construed as prohibiting . . . (2) any person from practicing law or pleading at the bar of any court of this state in his or her own cause . . . ."

"The authorization to appear pro se is limited to representing one's own cause, and does not permit individuals to appear pro se in a representative capacity." (Internal quotation marks omitted.) *Ellis* v. *Cohen*, 118 Conn. App. 211, 215, 982 A.2d 1130 (2009). "It is well established in our jurisprudence that a nonattorney does not have the authority to maintain an appeal on behalf of a trust. . . . The authorization to appear [self-represented] is limited to representing one's own cause, and *does not permit individuals to appear* [*self-represented*] *in a representative capacity*." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Cook* v. *Purtill*, 195 Conn. App. 828, 830–31, 228 A.3d 128 (2020).

In the present case, Roman, who is not an attorney, filed this appeal in his capacity as representative of the trust. Because Roman is not representing his "own cause" in this appeal; General Statutes § 51-88 (d) (2); he does not have the authority pursuant to § 51-88 to represent the trust.

The appeal is dismissed.

[1] Edward McGivern and Aquarion Water Company of Connecticut were also named as defendants in this action, but they did not appear in the trial court and are not participating in this appeal. Water Pollution Control Authority of the City of Bridgeport, Fairfield County Federal Credit Union, and the Department of the Treasury, Internal Revenue Service, also were named as defendants in this action and, although they appeared in the trial court, they are not participating in this appeal.

[2] The action originally was commenced by Cazenovia Creek Funding I, LLC, but, on April 7, 2022, the trial court granted a motion to substitute Benchmark Municipal Tax Services, Ltd., as the plaintiff.

[3] Roman filed two motions to substitute on January 28, 2022. The only difference between the motions is that one does not have the exhibits referenced in the motion included as attachments.